Attorneys—J. L. Spitz for Spitz; Wilkins, Cross & Daoust for Worman; all of Cleveland.

---

## PROBATE COURT

---

No. 263

IRA F. STOCKER; In re, Will of

Probate Court—Tuscarawas Co.

Decided Jan. 14, 1926.

1271. WILLS—A codicil operates not only as a new adoption of the will to which it refers, but also revokes an intermediate will.

1273. WITNESSES—Witnesses interested in a will are not allowed to testify to testator's capacity in a contest of validity; but witnesses offered by the proponents can be introduced within reasonable limits.

LAMNECK, J.

This is a proceeding to probate a will and a codicil of Ira F. Stocker, deceased. Two wills and two codicils were given to the court, which were executed as follows—July 31, 1920 the first will, to which was attached a codicil—Feb. 18th, 1922, in which a bequest of $200.00 was revoked, and the amount was given half to his son, and half to the residuary clause; July 26, 1924, The second will, in which the executors named were different; July 4, 1925 a codicil which was attached to the July 31, 1920 will, and the Feb. 18, 1922 codicil.

The following words were in the July 4, 1925 codicil: "I, Ira F. Stocker, make this codicil - - - - -, in which my son in law, O. R. Beal. was appointed executor of my last will - - - - -." He then proceeded to revoke the appointment of O. R. Beal and appointed T. J. Russell. He concluded with this language: - - - -"In all other respects, I confirm my will."

The question at law is, whether the above mentioned codicil, dated July 4, 1925, revived and republished the earlier will of July 31, 1920, with the codicil of Feb. 18, 1922, making the three instruments together a final testamentary disposition of his estate.

The Probate Court held:

1. As a general rule, a codicil executed with the formalities required by statute, operates as a republication of a will, if the intention of the testator is not defeated.

2. Although there seems to be no expression in the Ohio courts the general rule is that a codicil, revives a will to which it is attached and revokes any intermediate wills.

3. Where a codicil is executed in due form, it becomes a fact of the will to which it refers, and the two taken together are deemed to express the testamentary intent of the testator.

4. There is raised the question whether the testator had testamentary capacity when he executed the July 4th, 1925 codicil.

5. The only witnesses offered by persons interested in having the last will admitted were the attesting and subscribing witnesses.

6. It is the rule in Ohio, that witnesses interested in a will are not allowed to introduce evidence to contest its validity.

7. Therefore the court is of the opinion the three instruments should be probated together and that the July 4, 1925 codicil revoked the intermediate will.

Attorneys—T. J. Russell for proponents; Henry Bowers for contestants; both of New Philadelphia.